# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-60 JAR |
| ) | |
| SUPERINTENDENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Michael Howell, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $84.40. *See* 28 U.S.C. § 1915(b)(1). Also before the Court is a 'Memorandum for Clerk,' and an attached 'Amended Complaint,' which the Court construes as a motion to file an amended complaint. ECF No. 5. For the reasons discussed below, the Court finds the proposed amendment to be non-compliant with the Federal Rules of Civil Procedure and the Local Rules of this Court, and will deny the motion. However, in consideration of plaintiff's self-represented status, the Court will allow plaintiff the opportunity to submit an amended complaint on a Court-provided form.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his certified inmate account statement. ECF No. 3. A review of plaintiff's account from the relevant period indicates an average monthly deposit of $422.00 and an average monthly balance of $419.48. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $84.40, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Self-represented plaintiff filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. In the caption section of the form complaint, plaintiff lists the defendants as follows:

> Superintendent
> Rebecca Henderson
>   Doctor
> (Jane Doe)
> Dep't of Correction
>   Medical Administrator, et al.[1]

*Id.* at 1. Plaintiff indicates he is bringing his claims against all defendants in their official and individual capacities.

---

[1] The Court notes that plaintiff is not permitted to use "et al" in the caption. The Court's form complaint for prisoner civil rights actions explicitly instructs all self-represented plaintiffs to: "Write the full name of each defendant. The caption must include the names of **all** of the parties. Fed. R. Civ. P. 10(a). Merely listing one party and writing 'et al.' is insufficient. Attach additional sheets if necessary."

Later in the complaint, plaintiff identifies Dr. Rebecca Henderson as the Medical Administrator at ERDCC. *Id.* at 3. Thus, it is unclear whether plaintiff is bringing this action against Dr. Rebecca Henderson as the sole Medical Administrator at the institution or whether plaintiff is intending to sue a second individual who also carries the title of Medical Administrator. It is further unclear from the caption and the remainder of the complaint what role or title Jane Doe holds at ERDCC.

Within the statement of claim section, plaintiff alleges "medical staff" and "administrative officials" were negligent and violated his constitutional rights by "denying and ignoring [his] medical conditions." *Id.* at 4. Plaintiff states he "should have been placed on the lower walk and bottom bunk" due to his "heart condition, DJD (degenerate joint disease), CAD (coronary artery disease), [] COPD (chronic obstruction pulmonary disease), shoulder impingement, and [] osteoarthritis of right knee." *Id.* Plaintiff alleges that on "several occasions" he requested "medical lay-ins and his request[s] [were] ignored." *Id.* Plaintiff contends he should have been provided with a wheelchair and placed in the medical housing unit. *Id.* at 4-5.

Plaintiff further alleges he declared a medical emergency on December 25, 202. *Id.* at 5. He states he was seen in the medical unit and diagnosed with heartburn, but also had "some type of valve blockage that leads to his heart." *Id.* Plaintiff was provided with medication. *Id.* He asserts he "overheard the female doctor inform a male nurse that no rooms were available to place or assign him over at the medical unit," and he was subsequently transported back to his assigned cell which required him to climb stairs and "caused further strain to his heart." *Id.*

Plaintiff described his injuries as: "Rolled off top bunk injuring [his] entire back, right hip, back of [his] head and right wrist attempting to stop [his] fall." He further states he "re-injured [his] knee." *Id.* at 6.

For relief, plaintiff seeks $500,000 from each defendant. *Id.* at 7.

4

**Motion to Amend Complaint**

Plaintiff submitted a 'Memorandum for Clerk,' dated January 24, 2022, which the Court construes as a motion to amend his complaint. ECF No. 5. The filing states:

> Ask that Clerk review Original Complaint and everything requested be added into my Amended Complaint as far as some defendants, and each sued in their individual capacity for $500,000 thousand dollars instead of $350,000 since I have also asked the judge for request for joiner regarding case number 4:20-cv-01536-MTS.[2]

*Id.* Attached to the Memorandum is a proposed 'Amended Complaint' on four pages of notebook paper, which appears to be plaintiff's attempt to add additional facts to his original complaint. ECF No. 5-1.

The Court will deny plaintiff's motion to amend for two reasons. First, the proposed amendment is not on a Court-provided form complaint. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Second, the proposed amendment appears to be a supplement to the original complaint as he requests that his first filing "be added into [his] Amended Complaint." This request is inappropriate. Supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure. The Court does not accept amendments to the complaint through supplements, declarations, notices, or other piecemeal amendments. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). In other words, plaintiff may not amend a complaint by filing separate documents.

Although the Court will deny plaintiff's request to submit his proposed amendment as the operative complaint, the Court will permit him the opportunity to file a single, comprehensive amended complaint that sets forth his claims for relief.

---

[2] To the extent plaintiff is requesting to "join" the instant action with a previously filed case, such a request is improper. On November 10, 2020, *Howell v. St. Louis County Jail, et al.*, Case No. 4:20-cv-1536-MTS (E.D. Mo.) was dismissed and closed pursuant to Fed. R. Civ. P. 41(a)(1) after plaintiff filed a voluntary notice of dismissal.

5

**Discussion**

The Court has carefully reviewed plaintiff's original complaint, ECF No. 1, and finds it to be subject to dismissal. However, as discussed above, the Court will allow him to file an amended complaint.

### A. Official Capacity Claims

Plaintiff's official capacity claims are subject to dismissal because naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In the instant action, all named defendants appear to be employed by the ERDCC and are, therefore, employees of the State of Missouri. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.*; *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Walker v. Owens*, 2015 WL 128069, at *2 (E.D. Mo. Jan. 8, 2015) (a suit against an employee of the ERDCC is a suit against the State of Missouri that must be dismissed). As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendant ERDCC employees in their official capacities.

### B. Individual Capacity Claims

Plaintiff's individual capacity claims are also subject to dismissal. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but against whom no allegations of constitutional harm were made); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim

not cognizable under § 1983 where plaintiff failed to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

In the instant action, other than listing the "Superintendent," "Jane Doe," and "Dep't of Correction Medical Administrator" in the caption, plaintiff has not set forth any facts indicating how these individuals were directly involved in or personally responsible for the alleged violations of plaintiff's constitutional rights. Moreover, throughout plaintiff's complaint he refers generally to "medical staff," "administrative officials," and "administrative heads." These allegations fail to provide sufficient information as to who was allegedly responsible for a violation of his constitutional rights. A federal complaint must contain the 'who , what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016). Conclusory allegations that entire groups have violated a constitutional right are not acceptable and will be dismissed. *See e.g., Bice v. Jordan*, 2010 WL 1187213, at *2 (E.D. Mo. Mar. 29, 2010) (dismissing "Nursing Staff" as improper defendant).

To the extent plaintiff attempts to bring a claim against defendants due to their supervisory roles, such a claim is not cognizable under § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (a general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits).

Additionally, as to defendant Dr. Henderson, plaintiff appears to allege a "medical negligence" claim for directing that he be transferred back to his cell after he declared a medical emergency. Malpractice and negligence, however, are insufficient to support a claim of deliberate indifference to medical needs. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) ("In contrast to negligence, deliberate indifference requires a highly culpable state of mind approaching actual

7

intent"); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment); *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009) ("Negligent misdiagnosis does not create a cognizable claim under § 1983"); and *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995) (for a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation").

## Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In general, fictitious parties may not be named as defendants in a civil action. *See Phelps v. United States*, 15 F.3d 735, 738-39 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit

ascertaining the identity of the party after reasonable "discovery or the court's intervention" (by, for instance, requiring the defendants to disclose the Doe defendant's identity). *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *accord Perez v. Does 1-10*, 931 F.3d 641, 645, 646 (8th Cir. 2019) (district court properly dismissed Doe defendants because allegations were not "specific enough"); *Fulghum v. Allen*, 626 Fed. Appx. 653 (8th Cir. 2015) (unpublished per curiam decision) (remanding with instructions to reinstate two Doe defendants to allow the plaintiff "the opportunity to ascertain their identities through discovery"). Therefore, to avoid dismissal of "Jane Doe," Plaintiff's allegations must be amended to allow for identification.

**In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. A claim alleging the liability of a party solely because he or she held an administrative or supervisory position is not cognizable in a civil rights action. *See Boyd*, 47 F.3d at 968 (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is

a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process).

Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). **Plaintiff must not amend his complaint by filing separate documents. Instead, he must file a single, comprehensive pleading on a Court-provided form that sets forth his claims for relief.**

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 4. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting

10

testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $84.40 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within **thirty (30) days of the date of this Memorandum and Order**, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice at this time.

11

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file the proposed amended complaint (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 1st day of February, 2022.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE
