UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-60 JAR |
| ) | |
| REBECCA HENDERSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the filing of an amended complaint by self-represented plaintiff Michael Howell, an inmate at the Eastern Reception Diagnostic and Correctional Center. ECF No. 7. For the reasons discussed below, the Court will allow plaintiff another opportunity to submit an amended complaint on a Court-provided form in compliance with Court's instructions and the Federal Rules of Civil Procedure.

**Background**

On January 14, 2022, plaintiff filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. In the caption section of the form complaint, plaintiff listed the defendants as: Superintendent, Rebecca Henderson, Doctor, Jane Doe, Department of Corrections, and "Medical Administrator, et al." Plaintiff indicated he was bringing his claims against all defendants in their official and individual capacities.

In his statement of the claim, plaintiff alleged "medical staff" and "administrative officials" were negligent and violated his constitutional rights by "denying and ignoring [his] medical conditions." *Id.* at 4. Plaintiff stated he "should have been placed on the lower walk and bottom bunk" due to his "heart condition, DJD (degenerate joint disease), CAD (coronary artery disease), [] COPD (chronic obstruction pulmonary disease), shoulder impingement, and [] osteoarthritis of

right knee." *Id.* Plaintiff asserted that on "several occasions" he requested "medical lay-ins and his request[s] [were] ignored." *Id.* Plaintiff stated he should have been provided with a wheelchair and placed in the medical housing unit. *Id.* at 4-5. Plaintiff further alleged he declared a medical emergency on December 25, 2021, was seen in the medical unit, given medication, and transported back to his assigned cell which required him to climb stairs and "caused further strain to his heart." *Id.* at 5. Plaintiff described his injuries as: "Rolled off top bunk injuring [his] entire back, right hip, back of [his] head and right wrist attempting to stop [his] fall." *Id.* at 6. For relief, he sought $500,000 from each defendant. *Id.* at 7.

On February 1, 2022, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and found it to be subject to dismissal. ECF No. 6. As to his official capacity claims, the Court explained they were legally frivolous and failed to state a claim upon which relief could be granted because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Court also found his individual capacity claims to be deficient because he failed to forth any facts indicating how each defendant was directly involved in or personally responsible for the alleged violations of plaintiff's constitutional rights. The Court further explained that any attempt to bring a claim against defendants due to their supervisory roles was cognizable under § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (a general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). The Court also informed plaintiff that claims based on malpractice and/or negligence would be insufficient to support a claim of deliberate indifference to medical needs. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) ("In contrast to negligence, deliberate indifference requires a highly culpable state of mind approaching actual intent"); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth

Amendment); and *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995) (for a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation").

In consideration of plaintiff's self-represented status, the Court provided him with the opportunity to submit an amended complaint on a Court-provided form. The Court included detailed instructions on how to submit the amended complaint, including directions on formatting the statement of claim. *See* ECF No. 6 at 8-10.

## Amended Complaint

On February 25, 2022, the Court received plaintiff's amended complaint. ECF No. 7. The filing, however, is not compliant with the Court's instructions, the Federal Rules of Civil Procedure, and the Local Rules.

First, the amended complaint is not signed. *See id.* at 10. Under Federal Rule of Civil Procedure 11, every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court may strike an unsigned paper "unless the omission is promptly corrected after being called to the . . . party's attention." The local rules of this Court also require all filings to be signed by the party or the party's attorney. E.D. Mo. L.R. 2.01(A)(1).

Second, plaintiff submitted a partial 'Prisoner Civil Rights Complaint' form. The filing is missing the pages which include the statement of the claim. As the Court previously directed in its Memorandum and Order, dated February 1, 2022, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Such a short and plain statement is missing here and, as a result, his claim is subject to dismissal for failure to comply with the Federal Rules of Civil Procedure. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983); and *Cody v. Loen*, 468 Fed. Appx. 644, 645 (8th Cir. 2012)

(stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief").

Lastly, it is unclear who plaintiff intends to sue in this action. In the caption of the form complaint, plaintiff lists Rebecca Henderson, Dr. Brett Ferguson, and Bed Broker Reed as defendants. *See* ECF No. 7 at 1. Plaintiff, however, also includes a handwritten attachment with a second caption listing Lt. Mohler, Lt. Woods, Lt. O'Brien, Lt. Hayden, Ofc. Mitchell, Ofc. Roberson, Captain Bracy, Captain Ishmon, and "a host of other officers" as defendants. *See* ECF No. 7 at 3. This attachment appears to be a copy of a caption from a previously dismissed case, *Howell v. St. Louis County Jail et al.*, Case No. 4:20-cv-1536-MTS (E.D. Mo. Oct. 26, 2020). When submitting an amended complaint, plaintiff must only submit one comprehensive caption listing all defendants he wishes to sue.

Due to these pleading deficiencies, the Court will direct the Clerk to return the amended complaint to plaintiff, and provide a blank complaint form, so plaintiff may complete the statement of the claim portion, sign it, and return it to the Court for filing.

**Instructions on Amending the Complaint**

Plaintiff is warned that the filing of a second amended complaint replaces the original complaint and the amended complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the second amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). The second amended complaint must be dated and signed.

In the "Caption" section, plaintiff must state the first and last name, to the extent he knows it, of every defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In general, fictitious parties may not be named as defendants in a civil action. *See Phelps v. United States*, 15 F.3d 735, 738-39 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit ascertaining the identity of the party after reasonable "discovery or the court's intervention" (by, for instance, requiring the defendants to disclose the Doe defendant's identity). *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *accord Perez v. Does 1-10*, 931 F.3d 641, 645, 646 (8th Cir. 2019) (district court properly dismissed Doe defendants because allegations were not "specific enough"); *Fulghum v. Allen*, 626 Fed. Appx. 653 (8th Cir. 2015) (unpublished per curiam decision) (remanding with instructions to reinstate two Doe defendants to allow the plaintiff "the opportunity to ascertain their identities through discovery"). Therefore, plaintiff should not sue parties named "Jane Doe," "John Doe" or "a host of other officers."

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more

than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. A claim alleging the liability of a party solely because he or she held an administrative or supervisory position is not cognizable in a civil rights action. *See Boyd*, 47 F.3d at 968 (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process).

Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). **Plaintiff must not amend his complaint by filing separate documents. Instead, he must file a single, comprehensive pleading on a Court-provided form that sets forth his claims for relief.**

Accordingly,

**IT IS HEREBY ORDERED** that within **thirty (30) days of the date of this Memorandum and Order**, plaintiff shall submit a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this /s/ day of March, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

7