UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL HOWELL, )
)
    Plaintiff, )
)
vs. ) Case No. 4:22-CV-60 JAR
)
REBECCA HENDERSON, et al., )
)
    Defendants. )

### MEMORANDUM AND ORDER

This matter is before the Court upon review of the second amended complaint filed by self-represented plaintiff Michael Howell, an inmate at the Farmington Correctional Center ("FCC"). ECF No. 9. For the reasons discussed below, the Court will dismiss this action as legally frivolous and for failure to state a claim upon which relief may be granted.

### Background

On January 14, 2022, plaintiff filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. In the caption section of the form complaint, plaintiff listed the defendants as: Superintendent, Rebecca Henderson, Doctor, Jane Doe, Department of Corrections, and "Medical Administrator, et al." Plaintiff indicated he was bringing his claims against all defendants in their official and individual capacities. All defendants were alleged to be employees of the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), the institution where plaintiff was housed prior to his transfer to FCC.

In his statement of the claim, plaintiff alleged "medical staff" and "administrative officials" were negligent and violated his constitutional rights by "denying and ignoring [his] medical conditions." *Id.* at 4. Plaintiff stated he "should have been placed on the lower walk and bottom bunk" due to his medical conditions, which included degenerative joint disease, coronary artery

disease, chronic obstruction pulmonary disease, shoulder impingement, and osteoarthritis of the right knee. *Id.* Plaintiff claimed that on "several occasions" he requested "medical lay-ins and his request[s] [were] ignored." *Id.* Plaintiff stated he should have been provided with a wheelchair and placed in the medical housing unit. *Id.* at 4-5. Plaintiff alleged that he declared a medical emergency on December 25, 2021, was seen in the medical unit, given medication, and transported back to his assigned cell which required him to climb stairs and "caused further strain to his heart." *Id.* at 5. Plaintiff described his injuries as: "Rolled off top bunk injuring [his] entire back, right hip, back of [his] head and right wrist attempting to stop [his] fall." *Id.* at 6. For relief, he sought $500,000 from each defendant. *Id.* at 7.

On February 1, 2022, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and found it to be subject to dismissal. ECF No. 6. His official capacity claims were legally frivolous and failed to state a claim upon which relief could be granted because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As to his individual capacity claims, the Court found them to be deficient because he failed to forth any facts indicating how each defendant was directly involved in or personally responsible for the alleged constitutional violations. The Court also informed plaintiff that allegations based on malpractice and/or negligence were insufficient to support a claim of deliberate indifference to medical needs. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) ("In contrast to negligence, deliberate indifference requires a highly culpable state of mind approaching actual intent"); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment); and *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (for a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation").

In consideration of plaintiff's self-represented status, the Court provided him with the opportunity to submit an amended complaint on a Court-provided form. The Court included detailed instructions on how to submit the amended complaint, including directions on formatting his statement of the claim. *See* ECF No. 6 at 8-10.

On February 25, 2022, the Court received plaintiff's amended complaint. ECF No. 7. On March 1, 2022, the Court reviewed the pleading and determined it was not compliant with the Court's instructions, the Federal Rules of Civil Procedure, or the Local Rules. ECF No. 8. The Court noted three deficiencies: (1) it was not signed; (2) it did not include a statement of the claim; and (3) it was unclear from the caption and the body of the complaint who plaintiff intended to sue. *See id.* Due to these deficiencies, the Court directed the Clerk to return the amended complaint to plaintiff so he could complete the statement of the claim portion, sign it, and return it to the Court for filing. Plaintiff was explicitly instructed to include "one comprehensive caption listing all defendants he wishes to sue. *Id.* at 4-5.

**Second Amended Complaint**

On March 2, 2022, plaintiff filed a signed second amended complaint on a Court-provided form. ECF No. 9. In the caption section, plaintiff lists the defendants as follows:

> Superintendent
> Rebecca Henderson
>     Doctor
> (Jane Doe)
> Dep't of Correction
>     Medical Administrator, et al.

*Id.* at 1. Next to these names he writes, "official/individual capacity similarly situated." *Id.*

In the section of the form complaint to list the defendants, he identifies them as: (1) Superintendent, ERDCC; (2) Lloyd Russell, Correctional Officer, ERDCC; and (3) Dr. Rebecca Henderson, Medical Administrator, ERDCC. *Id.* at 2-5. Plaintiff checks the boxes that he is

3

bringing his claims against the Superintendent and Dr. Henderson in their individual and official capacities. *Id.* at 2, 4-5. He does not check a box for defendant Russell. *Id.* at 3.

In the statement of the claim section of the complaint, plaintiff writes, "Lt. failure to be trained" and "8th Amendment Constitutional right to adequate medical care violated by the Medical Administrator, Rebecca Henderson; the doctor Brett Ferguson; the bed broker Mr. Reed, and the Dep't of Corrections Lieutenant Thomas." *Id.* at 5-6.

Plaintiff alleges bed broker Reed assigned him to a top bunk even though he was aware of plaintiff's "medical note of COPD, heart conditions, degenerative joint disease, shoulder impingement, os[t]eoarthritis of right knee, and coronary artery disease." *Id.* at 6.

Plaintiff states he declared a medical emergency due to chest pains on December 25, 2021, and was seen by defendant Dr. Henderson who prescribed him medication for a valve blockage. *Id.* He was subsequently transported back to his cell because there were no available rooms in the infirmary. *Id.* Plaintiff alleges he should have been transported via wheelchair because the walk "cause[d] more strain to the heart due to climbing stairs." *Id.* Plaintiff does not allege that he asked for a wheelchair or that Dr. Henderson knew how he would be transported back to his cell.

Plaintiff further alleges that on January 26, 2021, he "fell off the top bunk after having multiple falls once again due to heart stops." *Id.* Plaintiff states Lt. Thomas "saw the fall but left [him] on the floor with a medical request form.' *Id.* He claims he laid on the floor "for at least 13 hours, until next shift." *Id.* He asserts "Dr. Ferguson prescribed [him] matforman [sic] 2000 mg a day causing [him] to fall out 3 times in one day." *Id.*

His injuries are listed a heart strain, knee pain, back injury, right hip, back of head, and right wrist. *Id.* at 6. For relief, he seeks "500,000 per person" and "250,000 pain and suffering." *Id.* at 7.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not

mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

### A. Official Capacity Claims against All Defendants

Plaintiff's official capacity claims against all defendants will be dismissed because naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *See Will*, 491 U.S. at 71. In the second amended complaint, all named defendants appear to be employed by the ERDCC and are, therefore, employees of the Missouri Department of Corrections, or the State of Missouri. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.*; *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Walker v. Owens*, 2015 WL 128069, at *2 (E.D. Mo. Jan. 8, 2015) (a suit against an employee of the ERDCC is a suit against the State of Missouri that must be dismissed). Furthermore, as plaintiff is suing for money damages only, his claims are also barred by the doctrine of sovereign immunity. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining that the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages, but that a state official may be sued in an official capacity for prospective injunctive relief).

Thus, the second amended complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendant ERDCC employees in their official capacities.

**B. ERDCC Superintendent, Jane Doe, and Lloyd Russell**

Plaintiff names the ERDCC Superintendent, Jane Doe,[1] and correctional officer Lloyd Russell as defendants, but does not allege any claims against them. Simply naming individuals as defendants is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations).

The Court notes that the caption of plaintiff's original complaint is identical to the caption of the instant second amended complaint. *See* ECF No. 1 at 1. Upon review of the original complaint, plaintiff was explicitly instructed that listing "Superintendent," "Jane Doe," and "Dep't of Correction Medical Administrator" in the caption without setting forth any facts indicating how these individuals were directly involved in or personally responsible for the alleged violations of his constitutional rights fails to state a claim. ECF No. 6 at 6-7. Plaintiff has not remedied his pleading deficiencies in the second amended complaint.

To the extent plaintiff is attempting to assert liability against these defendants based on their positions of authority at the ERDCC, "[t]o state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution." *See Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020). Here, plaintiff has

---

[1] In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States,* 15 F.3d 735, 739 (8th Cir.1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir.1985). The instant second amended complaint does not contain any allegations to identify Jane Doe. As a result, Jane Doe should also be dismissed for this reason. 28 U.S.C. § 1915(e)(2)(B).

7

presented no facts detailing any individual actions taken by the Superintendent, Jane Doe, or correctional officer Lloyd.

Thus, plaintiff's individual capacity claims against the ERDCC Superintendent, Jane Doe, and Lloyd Russell must be dismissed.

### C. Dr. Rebecca Henderson

Plaintiff alleges that on December 25, 2021 he declared a medical emergency due to chest pains. He states he was brought to the infirmary, prescribed medication by Dr. Henderson for "some kind of valve blockage," and transported back to his cell. Plaintiff claims he should have been transported by wheelchair because the walk back to his cell required him to ascend stairs which caused strain to his heart.

The Court finds plaintiff fails to state an individual capacity claim against Dr. Henderson because he has not connected any of her actions to a constitutional violation. Plaintiff does not allege Dr. Henderson denied him a wheelchair, or that she even knew how he would be transported back to his cell. Although plaintiff claims that the walk back to his cell caused him "more strain," he does not allege that a wheelchair transport was medically necessary or that he was physically injured from the walk. Plaintiff's vague allegations against Dr. Henderson are simply not sufficient to adequately allege personal responsibility for a constitutional violation. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (explaining that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

Moreover, plaintiff's allegation that he should have been transferred back to his cell in a wheelchair to prevent a strain on his chest appears to be, at most, a medical negligence claim. Malpractice and negligence, however, are insufficient to support a claim of deliberate indifference to medical needs. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) ("In contrast to negligence, deliberate indifference requires a highly culpable state of mind approaching actual intent."); *Estate*

8

*of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (for a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation").

Thus, plaintiff's individual capacity claim against Dr. Rebecca Henderson must be dismissed.

### D. Dr. Brett Ferguson, Bed Broker Reed, and Lieutenant Thomas

Plaintiff does not name Dr. Brett Ferguson, bed broker Reed, or Lieutenant Thomas as defendants, either in the case caption or in the designated section of the form complaint for listing defendants. Despite failing to name these individuals as defendants, his statement of the claim primarily relates to them and their alleged actions. The Court notes it has repeatedly directed plaintiff to comply with Fed. R. Civ. P. 10(a), which requires him to name all parties in the title of the complaint. *See* ECF No. 6 at 8; ECF No. 8 at 4-5. However, even if the Court were to treat Ferguson, Reed, and Thomas as properly named defendants, plaintiff has failed to state a claim against them.

Because these three defendants were not properly named, plaintiff has not indicated the capacity in which they are sued. If a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including *only* official capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is

presumed he is sued only in his official capacity"). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

In this case, because plaintiff has not stated the capacity in which Ferguson, Reed, and Thomas are sued, any claims against them are assumed to be in their official capacities only. As discussed above, in an official capacity claim against an individual, the claim is actually "against the governmental entity itself." Based on the context in which they appear, Ferguson, Reed, and Thomas are all employed by the Missouri Department of Corrections at the ERDCC. As such, the claims against them are actually claims against the State of Missouri itself. An individual acting in an official capacity is not a "person" under 42 U.S.C. § 1983. *Will*, 491 U.S. at 71 (stating that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, as plaintiff is suing for money damages only, his claims are also barred by the doctrine of sovereign immunity. *See Monroe*, 495 F.3d at 594. As a result, the complaint fails to state a claim upon which relief can be granted as to Dr. Ferguson, Reed, and Lt. Thomas in their official capacities.

The Court notes that even if they were properly named and sued in their individual capacities, plaintiff fails to state a claim against them that would pass initial review pursuant to § 1915. Plaintiff alleges bed broker Reed assigned him to a top bunk despite knowing he suffered from various medical conditions, including COPD, shoulder impingement, and osteoarthritis. Plaintiff alleges he fell from the top bunk and injured himself. This allegation fails to sufficiently assert a deprivation of a constitutional right. *See Trotter v. Phelps Cty. Jail*, 2008 WL 3306046, at *2 (E.D. Mo. Aug. 7, 2008) (denying an inmate's request for a bottom bunk is not a constitutional violation). Moreover, despite Reed's alleged knowledge that plaintiff suffered from some health issues, he does not allege that a medical doctor or treating physician directed he be assigned to a

lower bunk, or that Reed ignored a medical directive. In fact, plaintiff asserts within his second amended complaint that he did not a have a lay-in for a bottom bunk.

Plaintiff alleges Dr. Ferguson prescribed him medication that caused him "to fall out 3 times in one day." Plaintiff does not allege he told Dr. Ferguson of any side effects, or that Dr. Ferguson was aware of any adverse effects. Deliberate indifference requires a plaintiff to prove he suffered from an objectively serious medical need, and the prison official actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). An inmate is required to demonstrate that a prison official's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). To that end, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Plaintiff's allegation against Dr. Ferguson does not rise to the level of deliberate indifference as he fails to demonstrate he knew of a medical need and disregarded that need.

Lastly, plaintiff alleges Lt. Thomas saw him fall off the top bunk on January 26, 2021 and responded by providing him with a medical request form. Plaintiff states the fall caused him to injure his knee, back, hip, back of head, and wrist. He states he laid on the floor "for at least 13 hours, until the next shift." Plaintiff does not indicate, however, that he asked Lt. Thomas for immediate assistance from a medical professional, or that he was even aware that the fall required an expeditious need for medical attention. *See e.g., Bell v. Voight*, 2015 WL 5257025, at *8 (D.S.D. Sept. 9, 2015) (holding that a bloody nose and bruises after a fight "is not sufficient to put defendants on notice that he had a broken facial bone" such that there could be a finding of deliberate indifference under the Eighth Amendment); *Smith v. Brown*, 2018 WL 4658223, *19 (D.S.D. Sept. 27, 2018) (no detrimental effect in delaying plaintiff's visit to Health Services by

five days when plaintiff had a bloody nose, a small cut across the bridge of his nose, and the nose slightly deviated to the right).

Given all of this, the Court cannot find that Ferguson, Reed, or Thomas disregarded plaintiff's serious medical needs in violation of the Eighth Amendment even if plaintiff had named them in their individual capacities in this lawsuit. For these reasons, even if Ferguson, Reed, and Thomas were properly named as defendants in this action, the claims against them would be subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or for legal frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of April, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE